IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALEXYS TAYLOR, | ) |
|                 Plaintiff, | ) |
|      v. | )   Case No. 21-CV-4019 |
| | ) |
| ALCON VISION, LLC, | )   Judge Robert M. Dow |
|                 Defendant. | ) |

### DEFENDANT ALCON VISION, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE

Defendant Alcon Vision, LLC ("Alcon" or "Defendant"), by its undersigned counsel, submits this Motion to Dismiss Plaintiff's Complaint with Prejudice ("Motion"),[1] pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), and states as follows:

1. Alcon brings this Motion and accompanying Memorandum of Law in Support of Defendant's Motion to Dismiss Plaintiff's Complaint with Prejudice ("Memorandum") as to both counts alleged in Plaintiff's Complaint, which Plaintiff asserts under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"). [*See* Dkt. 1, Ex. A., ¶¶ 76-102].

2. Plaintiff alleges that the "My Eye Color Studio" application on Alcon's website, an Internet-based tool that allows individuals to "virtually try-on" prescription color contact lenses, violated BIPA by collecting, storing, or otherwise obtaining Plaintiff's biometric data without her consent. [*Id.* ¶¶ 9-10]. Plaintiff's claims are legally unsupportable and should be dismissed for three reasons.

3. **First,** this Court lacks personal jurisdiction over Alcon because Alcon is not "at home" in Illinois. Alcon is a Texas limited liability company with its principal place of business in Texas [*id.* ¶ 3]. Further, Plaintiff does not allege any suit-related conduct between Alcon and

---

[1] Former plaintiff America Haileselassie has voluntarily dismissed his claims. [Dkt. 11].

Illinois to establish the requisite minimum contacts to confer this Court with jurisdiction. Alcon's submissions further demonstrate that its My Eye Color Studio website application runs locally on the user's browser and is incapable of collecting, storing, or transmitting any Illinois biometric data to Alcon. As such, Plaintiff's claims lack a jurisdictional nexus to Illinois.

4. **Second,** Plaintiff's claims are barred by BIPA's health care exemption, which excludes from the definition of "biometric identifier" all "information captured from a patient in a health care setting or information collected, used or stored for health care treatment, payment, or operations under the federal Health Insurance Portability and Accountability Act of 1996 ['HIPAA']." 740 ILCS 14/10. Information gathered in the context of a consumer's selection of prescription contact lenses, which are considered a Class I medical device, 21 C.F.R. §§ 886.5842-44; 68 Ill. Adm. Code § 1320.100(c), is, by definition, captured from a patient in a health care setting or collected for the purposes of health care treatment, payment, and/or operations under HIPAA, and is thus expressly exempted from BIPA's proscriptions. *See, e.g., Vo v. VSP Retail Dev. Holding, Inc.*, Case No. 19 C 7187, 2020 U.S. Dist. LEXIS 53916, at *5-7 (N.D. Ill. Mar. 25, 2020) (dismissing with prejudice a very similar complaint alleging BIPA violations in connection with "virtual try-on" feature for eyewear).

5. **Third,** the Complaint fails to allege any plausible facts showing that Alcon collected, captured, stored, possessed, or otherwise obtained Plaintiff's biometric identifiers or information, and further fails to allege plausible facts indicating that any purported BIPA violation was either negligent or reckless.

6. Plaintiff's Complaint is, therefore, legally incurable and should be dismissed with prejudice.

WHEREFORE, Alcon respectfully requests that this Court:

(i) dismiss Plaintiff's Complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2); or

(ii) dismiss Plaintiff's Complaint with prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6);

(iii) grant such other and further relief as the Court deems necessary or appropriate.

Dated: August 25, 2021

Respectfully submitted,

ALCON VISION, LLC.

By: /s/ *Gregory E. Ostfeld*
      One of Its Attorneys

Gregory E. Ostfeld
Tiffany S. Fordyce
Brian C. Miller
**GREENBERG TRAURIG, LLP**
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
T: (312) 456-8400
F: (312) 456-8435
ostfeldg@gtlaw.com
fordycet@gtlaw.com
millerb@gtlaw.com

**CERTIFICATE OF SERVICE**

  The undersigned attorney certifies that on August 25, 2021, he or she caused the foregoing ***Defendant Alcon Vision, LL's Motion to Dismiss Plaintiff's Complaint with Prejudice*** to be filed via the Court's ECF system, which will send notification of such filing to and serve all attorneys of record.

Brandon M. Wise
PEIFFER WOLF CARR
KANE & CONWAY, LLP
818 Lafayette Ave., Floor 2
St. Louis, MO 63104
T: 314-833-4825
bwise@peifferwolf.com

                /s/ Brian C. Miller
                One of Its Attorneys